UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

John Doe, Individually and on behalf of
others similarly situated,

      Plaintiff(s),

v.                                Case No.  15-14348

Sentech Employment Services, Inc.,         Honorable Sean F. Cox

      Defendant.

_____/

## OPINION & ORDER DENYING
## DEFENDANT'S MOTION TO DISMISS

In this proposed class action, Plaintiff John Doe ("Plaintiff") alleges that Defendant

Sentech Employment Services ("Defendant") willfully violated the Fair Credit Reporting Act

("FCRA") by including extraneous information in its disclosure and authorization document.

This matter is currently before the Court on Defendant's Rule 12(b)(6) Motion to

Dismiss Plaintiff's Count I.  (Doc. #11, Def.'s Br.).   The motion has been fully briefed by the

parties.

The Court finds that the issues have been adequately presented in the parties' briefs and that oral

argument would not significantly aid in the decisional process.  *See* E.D. Mich. LR 7.1(f).  The

Court therefore orders that the motion will be decided upon the briefs.   For the reasons set forth

below, the Court shall **DENY** Defendant's motion.

1

# BACKGROUND

## I.      Factual Background

Defendant is a temporary staffing agency, operating in Southeast Michigan.  (Doc. #1, Pl.'s Compl. ¶ 16).   It provides employers with access to pre-screened, skilled tradesmen and light industrial workers.  *Id*. ¶ 17.  In so doing, Defendant recruits, screens, and vets candidates for employment on behalf of its clients.  *Id*. ¶ 18.  In order to determine the eligibility of candidates, Defendant procures consumer reports (or background checks).  *Id*. ¶ 19.

In March 2014, Plaintiff sought employment through Defendant.  *Id*. ¶ 15.  Defendant subsequently accepted Plaintiff's application and assigned Plaintiff to work for Hazen Transport, Inc.  *Id*. ¶ 20.  On April 24, 2014, after Plaintiff commenced employment with Hazen Transport, he went to Defendant's facility to undergo drug testing and complete additional paperwork.  *Id*. ¶ 21.  Included in this paperwork were the following two documents: (1) Authorization for Background Checks; and (2) Skill Chart.  *Id*. ¶ ¶22-24.  Plaintiff maintains that neither document satisfies the FCRA requirement that an employer must disclose its intention to procure a consumer report in a document consisting ***solely*** of the disclosure.  *Id*. ¶ 41-42.

### A.      Background Check Authorization Form

Defendant's authorization for background check form states, in relevant part, that:

> The company does not hire people who have been convicted of a felony related to a **violent crime, weapons charge or racial intimidation**.  Other felony crimes will not be automatically disqualifying.  The company will conduct a felony check on all applicants.  Please disclose if you have been convicted of a felony. **Incomplete or inaccurate information will disqualify you from hiring consideration**.

(Ex. A to Pl.'s Compl., Background Check Auth.) (emphasis in original).  Directly beneath this paragraph, applicants are asked to indicate whether they have ever been convicted of a felony.

2

*Id.*  If yes, the form directs the applicant to list the type and date of the conviction.  The form further states that:

> The job for which you are being considered may require that we obtain a consumer, and/or investigative consumer report.  Therefore, we may obtain a **report on the status of your driving record, and/or a criminal record check, in addition to checking your references**.  We may use any or all of these reports in making employment decisions related to this position.  It is the Company's policy to consider any and all information available that is relevant to a candidate's suitability and qualifications for the position for which the candidate is being considered.
>
> Further information on the nature and scope of such reports will be made available to you within 30 days of when you make written request.  Before taking any adverse employment action on the basis of any of these reports, we will provide you with a copy of the report, as well as a copy of your FTC-prescribed summary of rights under the Fair Credit Reporting Act.

(*Id.*) (emphasis in original).   The bottom of the form contains a paragraph authorizing the Company to investigate Plaintiff's history, as it "may be relevant to determine ... suitability for employment with the Company."  *Id.*  The paragraph concludes that a "photocopy of this signed authorization will carry the same effect as the original."  *Id.*  Plaintiff signed the form on April 24, 2014.

## B.    Skill Chart

Defendant's skill chart asked Plaintiff to check any areas in which he had experience.  (Ex. B. To Pl.'s Compl.).  The form also contained a paragraph wherein Plaintiff was advised, *inter alia*, that his employment was at will and that any false or misleading statements may be cause for immediate discharge.  Plaintiff signed the skill chart on April 24, 2014.

## C.    Background/Consumer Report At Issue

Defendant later procured a background check on Plaintiff from consumer reporting

agency First Advantage LNS Screening Solutions, Inc. ("First Advantage"). (Pl.'s Compl. ¶ 25; Ex. C to Pl.'s Compl.). The report included information regarding Plaintiff having been sentenced to a "maximum sentence" of 28 days and a "maximum probation" of 360 days for committing the crime of Larceny from a Motor Vehicle.[1] *Id.* ¶ 28. Defendant then forwarded the report to Hazen Trucking. Consequently, Plaintiff's employment with Hazen Trucking was terminated and Plaintiff was not assigned alternative employment. *Id.* ¶ 37.

Plaintiff maintains that neither Defendant nor Hazen Trucking provided him with a copy of the FTC Summary of Rights or a copy of the report before terminating his employment. *Id.* ¶ 38-39.

## II.   Procedural Background

Plaintiff filed this proposed class action on December 15, 2015. (Pl.'s Compl.). Plaintiff has pleaded two claims against Defendant: Count I – Failure to Provide a Stand-Alone Disclosure, in violation 15 U.S.C. § 1681b(b)(2); and Count II – Failure to Provide Pre-Adverse Action Notice, in violation of 15 U.S.C. § 1681b(b)(3).

Defendant filed an Answer to Plaintiff's Complaint on February 23, 2016. On February 24, 2016, Defendant filed its motion to dismiss pursuant to Rule 12(b)(6). In it, Defendant argues that Plaintiff has failed to sufficiently allege that Defendant's disclosure violated the FCRA's stand-alone requirement or, alternatively, that Plaintiff has failed to sufficiently allege that the violation was willful.

## APPLICABLE STANDARD

---

[1] According to Plaintiff, the information contained in the report was inaccurate because the charge of larceny from a motor vehicle was dismissed pursuant to the Holmes Youthful Trainee Act ("HYTA"). (*Id.* ¶¶ 30-35).

4

I.     **The Court Shall Treat Defendant's Untimely 12(b)(6) Motion As A Motion For Judgment On the Pleadings Under Rule 12(c)**

As an initial note, Plaintiff asserts that the Court may dismiss Defendant's motion to dismiss on the basis that it is procedurally improper.  (Pl.'s Resp. at n. 1).  Specifically, Plaintiff argues that Defendant filed its motion to dismiss after it had already filed an Answer.  Defendant fails to address this issue in its Reply brief.

Pursuant to Rule 12(b)(6),  a defendant may move for dismissal of a complaint for failure to state a claim upon which relief may be granted.  FED. R. CIV. P. 12(b)(6).  However, Rule 12(b) further provides that such a motion "must be made ***before*** pleading if a responsive pleading is allowed."  FED. R. CIV. P. 12(b) (emphasis added).  Here, Defendant filed an answer to Plaintiff's complaint on February 23, 2016 (Doc. #9, Def.'s Ans.) and then moved to dismiss Count I of Plaintiff's complaint on February 24, 2016.  (Doc. #11, Def.'s Br.).  Accordingly, Defendant's motion to dismiss pursuant to Rule 12(b)(6) is untimely.  This, however,  is not detrimental to Defendant's motion.

The Sixth Circuit has determined that, "'as a matter of motions practice, such a motion may be properly considered as one for judgment on the pleadings under Fed. R. Civ. P. 12(c), and evaluated, nonetheless, under the standards for dismissal under Rule 12(b)(6).'"  *Braun v. Ultimate Jetcharters, Inc.,* 2013 WL 623495, *2 (N.D. Ohio, Feb. 19, 2013) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc*. 859 F.2d 434, n. 1 (6th Cir. 1988)); *see also* 5C WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1368 (2016) ("Because of the similarity between the Rule 12(c) and Rule 12(b) standards, courts typically will construe ... a late Rule 12(b) motion ... as if it were brought under Rule 12(c).").

Additionally, under Fed. R. Civ. P. 12(h), the defense of failure to state a claim upon

5

which relief can be granted is not subject to waiver and may be raised in: (1) a responsive

pleading; (2) a motion under Rule 12(c); or (3) at trial.  "[C]ourts have allowed untimely motions

[to dismiss] if the defense has been previously included in the answer."  *Braun*, WL 623495 at

*3 (internal quotations and citations omitted).  Here, Defendant has raised this defense in its

Answer to Plaintiff's complaint.

  For these reasons, the Court shall construe Defendant's motion to dismiss as a motion for

judgment on the pleadings pursuant to Rule 12(c).

**II.**  **Standard of Review Pursuant to Rule 12(c)**

  A party may move for judgment on the pleadings after the pleadings are closed, but early

enough not to delay trial.  FED. R. CIV. P. 12(c).  The standard of review applicable to a motion

for judgment on the pleadings is the same standard applicable to a motion to dismiss under Rule

(b)(6).  *Braun*, WL 623495 at *3 (citing *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851

(6th Cir. 2001)).

  When deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, the Court must construe the complaint in the light most favorable to the plaintiff and

must accept all the factual allegations contained in the complaint as true.  *Lambert v. Hartman*,

517 F.3d 433, 439 (6th Cir. 2008).  "When a court is presented with a Rule 12(b)(6) motion, it

may consider the Complaint and any exhibits attached thereto, public records, items appearing in

the record of the case and exhibits attached to defendant's motion to dismiss so long as they are

referred to in the Complaint and are central to the claims contained therein."  *Bassett v. Nat'l*

*Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

  In order to survive a Rule 12(b)(6) motion to dismiss, Plaintiff's complaint need contain

6

only "enough facts to state a claim for relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Twombly*, 550 U.S. at 557. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

Defendant advances two arguments in support of its motion to dismiss Plaintiff's Count I. Defendant first maintains that because its disclosure document complied with the FCRA's stand-alone requirement, Plaintiff fails to state a claim for which relief can be granted. Defendant then maintains that even if the disclosure violated the FCRA's stand-alone requirement, Plaintiff has failed to allege that Defendant's violation was willful. Defendant's arguments are unpersuasive.

## I.     Plaintiff Has Sufficiently Pleaded A Violation of the FCRA Based Upon Extraneous Information In Defendant's Disclosure

### A.     FCRA'S Stand-Alone Disclosure Requirement

Pursuant to the FCRA's stand-alone disclosure requirement, an employer may **only** procure a consumer report pertaining to a prospective employee for purposes of employment **if** the employer first provides: "(i) a clear and conspicuous disclosure ... made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that **consists solely** of the disclosure ..." 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added). An employer must also obtain the consumer's authorization, in writing, before procuring the report. 15 U.S.C. § 1681b(b)(2)(A)(ii). As an exception to the stand-alone disclosure requirement, the

statute further provides that the consumer's written authorization may be combined with the employer's disclosure. *Id.* The Court's resolution of the issue before it depends on its interpretation of the stand-alone requirement and, specifically, the meaning of the word "solely."

Statutes and regulations are to be read "with an eye to their straightforward and commonsense meanings." *Henry Ford Health Sys. v. Shalala*, 233 F.3d 907, 910. Accordingly, Merriam-Webster's Dictionary defines the word "solely" as "to the exclusion of all else" or "only." *Robinzine v. Big Lots Stores*, Inc., 2016 WL 212957, *5 (N.D. Ill., Jan. 19, 2016). Thus, in order to properly procure a consumer report pursuant to 15 U.S.C. 1681b(b)(2)(A)(i), Defendant is required to provide Plaintiff with a "document contain[ing] **only** the disclosure and signed authorization." *Legrand v. Intellicorp Records, Inc*., 2016 WL 1618135, *3 (N.D. Ohio, April 22, 2016) (emphasis added) (stating that "section 1681b(b)(2)(A)(i) clearly requires that the document contains only the disclosure and signed authorization.).

**B.    Plaintiff's Allegations**

First, the Court notes that here, the only document arguably containing the requisite disclosure and authorization is the form entitled "Authorization for Background Check."[2] (Background Check Auth.).

Plaintiff alleges that this form violates the plain language of the FCRA because it includes extraneous information and is therefore not a document "consisting solely" of the required disclosure.  (Pl.'s Compl. ¶ 42).  In his complaint, Plaintiff specifically points to the following extraneous items: (1) information regarding Sentech's policy on hiring felons; (2) a

---

[2] The skill chart provided to Plaintiff by Defendant is obviously not a document containing the requisite consumer report disclosure and related authorization.  *See* (Ex. B to Pl.'s Compl., Skill Chart).

request to disclose whether the prospective employee has ever been convicted of a felony; (3) a request to list the type and date of any felony convictions; (4) a statement that incomplete/inaccurate information will disqualify the employee from hiring consideration; (5) information regarding the company's policy to consider information that is relevant to a candidate's suitability and qualifications for the position which the candidate is being hired; (6) a statement that information regarding the nature and scope of the report will be made available within 30 days upon written request; (7) a statement that the employee will be provided with a copy of the report and a summary of rights under the FCRA before adverse employment action is taken on the basis of the consumer report; and (8) a statement that a photocopy of the authorization carries the same effect as the original.  (Pl.'s Compl. ¶ 42).

The Court finds that most, if not all, of the above items of information go beyond the required disclosure and related authorization.  Thus, Plaintiff's allegations are sufficient to withstand dismissal at this stage in the proceedings.  The form's first paragraph, for example, is almost entirely dedicated to company policy regarding hiring certain felons.  The consumer is also asked to indicate whether they have ever been convicted of a felony, and to indicate the type and date of the conviction.  The same paragraph cautions that inaccurate or false statements will disqualify the consumer from consideration.  The paragraph authorizing procurement of the report also discussed the effect of a photocopy.  Other courts have similarly determined that such informational items go beyond a disclosure from an employer.  *See Legrand*, WL 1618135 at *4-5 (finding that a document which requests a consumer to "directly disclose whether they have ever been convicted of a crime" is not a document "consisting solely" of the disclosure.); *see also Shoots et. al., v. iQor Holdings US Inc*., 2016 WL 1733437, *5 (D. Minn. April 29, 2016)

9

(holding that the plaintiff sufficiently pleaded a violation of the FCRA based on extraneous information, where it was alleged that the document "included broad language regarding disclosure of the information, the accuracy of the information, the consequences of providing a false statement, and the effect of a photocopy."). Defendant's arguments to the contrary lack merit.[3]

First, Defendant unpersuasively argues that "[m]ost courts considering the provision recognize that the purpose of the statute is to ensure that the disclosure is 'clear and conspicuous' so that the reasonable job applicant would notice it."[4] (Def.'s Br. at 7). Here, Defendant appears to conflate the requirement that a disclosure must be clear and conspicuous with the separate requirement that a disclosure be included in a document **consisting solely** of the disclosure.

In making this argument, Defendant mistakenly relies on *Burghy v. Dayton*. Unlike here, the court in *Burghy* was not determining whether or not an employer violated the stand-alone requirement. Instead, the issue before the court was "whether or not the disclosure was sufficiently conspicuous ... " *Burghy*, 695 F. Supp. 2d at 696. And while the court briefly entertained the possibility of a stand-alone violation, it made no mention of extraneous information. *Burghy*, 695 F. Supp. 2d at 699. The court limited its discussion to the **placement** of explanatory language alongside information indicating when the report may be requested. *Id.*

---

[3] The Court has considered Defendant's Response to Plaintiff's Notices of Supplemental Authority (Doc. # 23), but finds the arguments advanced therein unpersuasive.

[4] It is worth noting that while Defendant asserts that "most" courts stand for the proposition asserted, it only cites two cases in support: (1) *Burghy v. Dayton Racquet Club, Inc.*, 695 F. Supp. 2d 689 (2010); and (2) *Smith v. Waverly Partners, LLC*, 2012 WL 3645324 (W.D.N.C. August 23, 2012). Both cases are factually distinct from the present case.

The court reasoned that:

> the "Act specifically states that the language *authorizing* the employer to obtain a consumer report (the first and second paragraphs) may be included alongside the language *disclosing* that such a report may be used for employment purposes (the bullet points). [citation omitted].  Including the explanatory language alongside the disclosure language is logical, given their relationship, and the Court cannot conclude that the presence of the former rendered the latter inconspicuous."

*Id.* (internal citations omitted) (emphasis in original).  Thus, *Burghy* is not instructive as to the issue presently before the Court.

Equally unpersuasive is *Smith v. Waverly Partners*, which Defendant cites for the proposition that "extraneous language on a disclosure page 'was not so great a distraction as to discount the effectiveness of the disclosure and authorization statements.'"  (Def.'s Br. at 8) (quoting *Waverly Partners*, 2012 WL 3645324 at * 6).  In *Waverly Partners*, the court acknowledged that "the inclusion of [a] waiver provision was statutorily impermissible." *Waverly Partners*, 2012 WL 3645324 at * 6.  The court then concluded that a single-sentenced waiver provision, while invalid, was not so great a distraction to render the disclosure inadequate.  *Id.*  As Plaintiff and various other courts have pointed out, however, *Waverly Partners'* "not so great a distraction" standard has no textual basis in the statute.  (Pl.'s Resp. at 12) (citing various district court opinions, which directly or indirectly reject *Waverly Partners'* "not so great a distraction" rubric).  Moreover, unlike *Waverly Partners*, the disclosure document at issue here contains extraneous information amounting to more than a single sentence.

Thus, Defendant's argument – that the "only additional information in the Disclosure ... does not distract from the statutorily mandated language" – is premised upon a faulty interpretation of the statute.  *See Legrand*, WL 1618135 at *4-5 ("whether the statement is

11

significant or distracting is not the question Congress decided was determinative for the Court.").

## II.    Plaintiff Has Sufficiently Pleaded A Willful Violation of the FCRA

Next, Defendant argues that even if its disclosure document violated the FCRA's stand-alone requirement, Plaintiff cannot state a claim for a "willful" violation.  (Def.'s Br. at 9). Specifically, Defendant challenges Plaintiff's allegations on the basis that they are insufficient to establish reckless conduct.[5]  The problem with Defendant's argument is that it disregards that willfulness can alternatively be established by allegations of intentional conduct.

As Defendant itself points out, "[a] 'willful' FCRA violation requires the plaintiff to show that the defendant's conduct was intentional *or* reckless."  (Def.'s Br. at 9) (citing *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 69 (2007)) (emphasis added); *see also Taylor v. Screening Reports, Inc*., 2015 WL 4052824, *6 (N.D. Ill. July 2, 2015) ("Willfulness may be established by showing that the defendant knew that its actions violated an FCRA requirement or acted in reckless disregard as to whether its actions violated an FCRA requirement.").  "Thus, to either knowingly or recklessly violate an FCRA requirement, a defendant must have been aware of the requirement at the time of the challenged conduct."  *Robrinzine*, 2016 WL 212957, *7 (internal citations and quotations omitted).

Here, Plaintiff's complaint alleges that Defendant "knowingly and recklessly disregarded the plain meaning [of the FCRA] as well as guidance from the Federal Trade Commission and numerous court decisions stating that the inclusion of extraneous information on the disclosure ...

---

[5] Defendant states that "'[r]eckless' conduct consists of 'action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.'"  (Def.'s Br. at 9) (citing *Safeco*, 551 U.S. at 68.  Defendant then asserts that "a plaintiff must show that the defendant's conduct was 'objectively unreasonable' and not just wrong."  (*Id.*) (citing *Safeco*, 551 U.S. at 68).

is a violation of the FCRA." (Pl.'s Compl. ¶ 47). Plaintiff then alleges that Defendant "knew that it had an obligation to provide a stand-alone disclosure before procuring a consumer report, but chose to place its own interests ahead of the rights of consumers." *Id.* ¶ 48. "Before procuring [his] report," Plaintiff pleads that "[Defendant] did, in fact, certify to First Advantage and any other consumer reporting agencies it used that it would comply with the stand-alone disclosure provisions of the FCRA. Yet, [Defendant] failed to do so." *Id.* ¶ 50. Plaintiff concludes that '[b]y systematically inserting extraneous information into [Plaintiff's] and other current or prospective employees' disclosures, Defendant knowingly and willfully violated [the FCRA]." *Id.* ¶ 53.

Based on these allegations, the complaint illustrates that Defendant was aware of the stand-alone requirement and did not adhere to it. Accordingly, Plaintiff has sufficiently alleged a knowing violation of the FCRA. *See Singleton v. Domino's Pizza, LLC*, 2012 WL 245965, *4 (D. Md. Jan. 25, 2012) ("[A]ssertions that a defendant is aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal.").

The Court need not address whether reckless conduct has been sufficiently alleged since Plaintiff has sufficiently alleged a knowing violation of the FCRA. *Shoots*, 2016 WL 1733437, at *5 (the court denied defendant's motion to dismiss, without deciding whether a reckless violation had been established, because it determined that the plaintiff had sufficiently alleged a knowing violation of the FCRA.).

## CONCLUSION

For the reasons set forth above, the Court shall **DENY** Defendant's Motion to Dismiss

Plaintiff's Count I.  (Doc. #11).

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  May 16, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 16, 2016, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

14